UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HIPPLE,

    Plaintiff,

v.

MATRIX ABSENCE
MANAGEMENT, INC. et al.,

    Defendants.

_____/

Case No. 13-cv-11059
Hon. Matthew F. Leitman

## ORDER DENYING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT (ECF #19)

On March 8, 2013, Plaintiff Paul Hipple ("Hipple") filed the instant action against Matrix Absence Management, Inc. ("Matrix"), Denso International America, Inc. ("Denso"), and the Denso Health & Welfare Plan (the "Plan") (collectively, the "Defendants). In his Complaint, Hipple alleged that Matrix wrongly denied his claim for short-term disability ("STD") benefits on the ground that Hipple was not a participant in the Plan on the date of his disability. (*See* Complaint, ECF #1.) On June 13, 2014, entered an Opinion and Order (1) vacating Matrix's final determination denying STD benefits to Hipple and (2) remanding the matter to Matrix for an additional review of Hipple's claim to determine whether he otherwise qualified for STD benefits. (*See* Opinion and Order, ECF #17.) On July 21, 2014, the parties settled Hipple's claim for STD

benefits, thereby resolving – in its entirety – Hipple's Complaint. (*See* Motion to Amend Compl., ECF #19 at 7, Pg. ID 929.)

On July 22, 2014 – *the day after the parties agreed to settle Hipple's STD claim* – Hipple filed the instant Motion seeking leave to amend his Complaint to add both a new claim and a new party. (*See id.*; Reply Brief, ECF #22 at 1-2, Pg. ID 996-97.) Specifically, Hipple seeks to add a claim that Defendants and Reliance Standard Life Insurance Company ("Reliance Standard") (the claims administrator for Denso's long-term disability ("LTD") plan, which was not named as a party in the Complaint) wrongfully denied his application for LTD benefits. (*See* Mot. to Amend Compl. at 7, Pg. ID 929; Response Br., ECF #21 at 6, Pg. ID 987; Reply Brief at 4, Pg. ID 996.)

Hipple filed his application for LTD benefits with Matrix "sometime during July 2013." (Mot. to Amend Compl. at 3, Pg. ID 925.) Matrix and/or Reliance Standard denied the application on September 30, 2013, on the same ground that Matrix had denied his application for STD benefits – namely, that Hipple was not a participant in the Plan on the date of his disability. (*See* LTD Denial Letter, ECF #19-2.) Hipple appears to admit in his Motion that he did not file an administrative appeal of the denial of his LTD claim. (*See* Mot. to Amend Compl. at 3-7, Pg. ID 925-29.) However, Hipple asserts in his Reply Brief (for the first time and in apparent contradiction to the position he takes in his Motion) that he did attempt to

2

appeal the denial of his LTD benefits on March 14, 2014 – the final day of the appeal period – but he sent his appeal to an incorrect address. (*See* Reply Br. at 1-2, Pg. ID 996-97.)

When considering whether to grant a motion to amend a pleading under Federal Rule of Civil Procedure 15(a), the Court must consider many factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "When a party seeks to amend its complaint at a late stage of the litigation, 'there is an increased burden to show justification for failing to move earlier.'" *Szoke v. United Parcel Service of America*, 398 Fed. App'x 145, 153 (6th Cir. 2010) (unpublished opinion) (quoting *Wade*, 259 F.3d at 459). Indeed, "[a]lthough Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973)). In this case, Hipple has failed to act with the requisite diligence and has failed to show that Defendants would not be prejudiced by the proposed amendment, and for those reasons, the Court **DENIES** his Motion.

3

Matrix and/or Reliance Standard denied Hipple's LTD application on September 30, 2013. (*See* LTD Denial Letter.) Hipple then delayed nearly six months before (allegedly) submitting his appeal to an incorrect address on March 14, 2014. (*See* Reply Br. at 1-2, Pg. ID 996-97.) This Court did not rule on Hipple's claim for STD benefits until June 13, 2014. Thus, Hipple had more than eight months between the denial of his LTD claim and the date that this Court disposed of his STD claim to file his administrative appeal related to the LTD denial and to then seek leave to add the LTD-related claim to this action. Instead of acting within that ample time period, Hipple waited to file his Motion until after the Court granted him relief on the sole basis of his Complaint (i.e., his STD claim) – and, indeed, until after Defendants had settled that claim. Hipple offers no sufficient excuse for waiting until this stage of the litigation to file his Motion.[1] Hipple simply has not satisfied his "increased burden" to demonstrate why he did not move to amend at an earlier stage of litigation. *See Szoke*, 398 Fed. App'x at 153.

---

[1] Hipple argues that, to the extent that he did not timely appeal the initial denial of his LTD claim, "it would have been futile" to do so, given Matrix's repeated denial of his STD claim on the same grounds. (*See* Mot. to Amend Comp. at 4, Pg. ID 926.) However, this argument does not explain why he failed to seek relief from this Court with respect to his LTD claim at an earlier stage of this litigation. If, as Hipple claims, an administrative appeal "would have been futile," then he had every reason to join his LTD claim in this case when he received notification of the initial denial – more than 10 months ago.

4

Allowing amendment at this time – after the parties have settled the sole cause of action in Hipple's Complaint – would cause substantial prejudice to Defendants Matrix, Denso, and the Plan. Parties settle cases to end litigation and eliminate additional risk. Allowing Hipple to re-open this case after Defendants have done just that would deprive Defendants of one important benefit of their settlement. *See, e.g.*, *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming denial of leave to amend pleadings where district court found that amendment "would deprive the defendants of their anticipated 'closure'").

Finally, Hipple has failed to show that permitting his proposed amendment would not be futile, as his action for LTD benefits would face significant hurdles in light of his admission that he either (1) failed to exhaust his administrative remedies or (2) mistakenly sent his appeal – on the last possible day – to an incorrect address. The Court will not grant leave to amend under these circumstances.

## **CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED THAT** Hipple's Motion (ECF #19) is **DENIED**.

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: August 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2014, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113